WR-83,529-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 4:56:39 PM
Accepted 7/29/2015 8:19:19 AM
ABEL ACOSTA
CLERK

No. WR-83,529-02

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
7/29/2015
ABEL ACOSTA, CLERK

AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS

SEEKING RELIEF FROM TWO FELONY CONVICTIONS

35th Judicial District Court of Mills County, Texas

Cause Numbers 2787 and 2788

The Honorable Judge Stephen Ellis, Presiding

Ex Parte Helene Marie Williams, Applicant


To the Honorable Court of Criminal Appeals:

This application is filed under Article 11.07 of the Code of Criminal Procedure, seeking relief from two felony convictions that occurred on the same day, August 14, 2013, in the same court. Trial counsel informed applicant that she would be eligible for good conduct time, and she is not, so her plea was involuntary.

Memorandum of Law in Support of 11.07 Applications

Respectfully submitted,

Landon Northcutt, 166 S. Belknap
Stephenville, Texas 76401
Phone 254-968-2613, fax 254-968-5402
SBN 24014544
Attorney for Applicant-Helene Marie Williams

# Identity of Parties and Counsel

Applicant      Helene Marie Williams

Appointed Trial Counsel  Larry Meadows

Appellate Counsel    Landon Northcutt

Prosecutor      Sam C. Moss

# Table of Contents

Identity of Parties and Counsel 2

Index of Authorities 3

Statement of the Case 4

Issue Presented 4

Trial Counsel told the Applicant she was eligible for early release on parole when she is not, and her plea was therefore involuntary.

Statement of Facts 5

Summary of the Argument 6

Argument 7

Prayer for Relief 10

Certificate of Service 10

# Index of Authorities

**Statutes:**

Texas Government Code

§ 508.145(d)                                                    7

§ 508.145(e)                                                    8

Treatises:

Performance Guidelines for Non-Capital Criminal Defense Representation

Texas Bar Journal, Volume 74, No. 7, pages 616 to 637             8

## Statement of the Case

Applicant pled true on August 14, 2013 to portions of a motion to revoke probation in Cause No. 2787, a two count indictment charging Indecency with a Child. Pursuant to a plea agreement, the Trial Court sentenced her to eight years in the Institutional Division-TDCJ.

On the same day, Applicant pled true to portions of a motion to revoke probation in Cause No. 2788, a one count indictment charging Sexual Assault. Pursuant to a plea agreement, the Trial Court sentenced her to eight years in the Institutional Division-TDCJ.

Also that day, Applicant plead guilty to the offense of possession of a Controlled Substance-Drug Free Zone, Cause No. 2931, pursuant to a plea agreement, the Trial Court sentenced her to four years in the Institutional Division-TDCJ.

Applicant is presently confined in the Murray Unit, 1916 North Highway 36 Bypass, Gatesville, Texas 76596 as inmate # 01878697. Her date of birth is December 23, 1988, and she is not eligible for good conduct time.

## Issue Presented

Applicant received ineffective assistance of counsel in the revocation proceeding, in that her court appointed attorney did not property inform her of her rights and options. Applicant is not parole eligible for her indecency with a child conviction and her conviction for possession in a drug free zone, so she also received ineffective assistance of counsel in that plea, so her plea is involuntary.

## Statement of Facts

The motions to proceed with an adjudication of guilt, provided that the Defendant violated various terms of her deferred adjudication probation. See Appendix A and Appendix B Motions to Proceed with Adjudication of Guilt.

Before Applicant plead true to the motions to proceed, she received incorrect advice from her court appointed attorney. See Appendix C Affidavit of Helene Marie Williams. Her affidavit provides:

My court-appointed lawyer on my revocation was Larry Meadows. He came to see me in county and after our introductions he told me I was looking at 5 years. A short time later my discovery packet was sent to me with my offer of 8 years. I called Mr. Meadows and told him that I would agree to shock probation, or SAFP, or 2-3 years in prison but not 8 years. He said he would

see what he could do. Next time we talked was on my court date August 14, 2013. He pulled me aside and said the DA stayed at 8 but offered me 4 for my possession of controlled substance in a drug free zone. He told me I would come up for parole in 18 months or so and he also promised that I would not spend more than four years in prison. He said the DA would not come down anymore so I signed.

My 8 years turned out to be a 3g offense so I have to do at least 4 years on it to even qualify for parole. It is possible that I will spend anywhere from 5-8 years in prison.

Affidavit of Helene Marie Williams, Appendix D.

The conviction for possession in a drug free zone does not provide for early parole. See Appendix E, Judgment of Conviction by Court for Possession of a Controlled Substance-Drug Free Zone.

## Summary of the Argument

Court appointed trial counsel did not inform Applicant that she had a right to a hearing. He told her that the sentence offered in cause No. 2787 would not be a 3g offense, when it is a 3g offense. He did not tell her that possession in a drug free zone requires a five year minimum sentence or the actual time served before eligibility for parole is available. This is ineffective assistance of counsel, and

Applicant's convictions should be set aside and new punishment hearings should be held.

## Argument

"An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), or (M), or (N), Article 42.12, Code of Criminal Procedure, an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article, an offense under Section 20A.03, Penal Code, or an offense under Section 71.02 or 71.023, Penal Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years." Tx. Govt. Code §508.145(d).

Indecency with a child is an offense for which good conduct time does not enter into the calculations for parole eligibility. Trial counsel gave the Applicant unacceptable legal advice, which in turn caused Applicant to accept an erroneous plea agreement.

"An inmate serving a sentence for which the punishment is increased under Section 481.134, Health and Safety Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct

time, equals five years or the term to which the inmate was sentenced, whichever is less." Tx. Gov't. Code §508.145(e).

Possession in a drug free zone is an offense for which good conduct time does not enter into the calculations for parole eligibility. Trial counsel gave more unacceptable legal advice.

The State Bar of Texas developed and adopted Performance Guidelines for Non-Capital Criminal Defense Representation in January of 2011. The Guidelines were published in the Texas Bar Journal, Volume 74, No. 7, pages 616 to 637, in the July 2011 issue. "The Guidelines are not disciplinary rules nor are they black and-white standards for the judicial evaluation of ineffective assistance. They are, instead, a set of tools to be used by criminal defense lawyers, judges, and county officials to improve our criminal justice system." Guidelines at p 617.

The Guidelines provide, in relation to a lawyers duty in plea negations, as follows: (beginning at page 627):

Guideline 6.2 The Contents of the Negotiations

A. In conducting plea negotiations, counsel should attempt to become familiar with any practices and policies of the particular jurisdiction, judge, and prosecution that may impact the content and likely results of a negotiated plea agreement.

B. In order to develop an overall negotiation plan, counsel should be fully aware of, and make the client fully aware of:

1. The minimum and maximum term of imprisonment and fine or restitution that may be ordered, any mandatory punishment, and the possibility of forfeiture of assets;

2. The potential for recidivist sentencing, including habitual offender statutes and sentencing enhancements, and all other applicable sentencing statutes or case law;

the client must comply in order to avoid revocation or adjudication;

3. The effects of good-time or earned-time credits on the sentence of the client, the period that must be served according to statute before the client becomes eligible for parole, and the general range of sentences for similar offenses committed by defendants with similar backgrounds; .

Counsel gave Applicant defective advice, and she accepted a plea based on incorrect advice. The plea was therefore involuntary to possession in a drug-free zone.

**Prayer**

Applicant requests that her conviction for indecency with a child and possession in a drug-free zone be set aside, and that her cases be remanded to the trial court for re-consideration of the motion to revoke her deferred adjudication probation and for resentencing on the possession in a drug-free zone.

Respectfully submitted,


    /s/ Landon Northcutt
Landon Northcutt, 166 S. Belknap
Stephenville, Texas 76401
Phone 254-968-2613, fax 254-968-5402
SBN 24014544

## Certificate of Service

A copy of this document was delivered to:

Appellant:                                Helene Marie Williams, TDC # 01878697
                                          Murray Unit, 1916 North Hwy 36 Bypass
                                          Gatesville, Texas  76596

State's Attorney                          Sam C. Moss, District Attorney
                                          Brown County DA's Office
                                          Courthouse
                                          Brownwood, Texas  76801

Dated:        July 28, 2015               ____/s/ Landon Northcutt_____
                                          Landon Northcutt

## NO.  WR-83,529-01

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE CRIMINAL** |
| | § | |
| **VS.** | § | **COURT** |
| | § | |
| **HELENE MARIE WILLIAMS** | § | **OF APPEALS** |

## CERTIFICATE OF COMPLIANCE

I, Tammy Mayo, legal assistant to Landon Northcutt, Attorney of record for Helene Marie Williams, Appellant, confirm that the word count in our Amended Application for Writ of Habeas Corpus is 1553 words, 11 pages and 14 font.

Landon Northcutt
Attorney at Law
166 S. Belknap
Stephenville, Texas 76401
Tel: (254) 968-2613
Fax: (254) 968-5402

Tammy Mayo, Legal Assistant to
Landon Northcutt, Attorney for
Appellant

**SUBSCRIBED   AND   SWORN   TO   BEFORE   ME** on July 2, 2015, to certify which witness my hand and seal of office.

RHONDA JACKSON
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-06-2019

Notary Public, State of Texas